UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE HUNTER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KEVIN CHAPPELL,<br><br>　　　　Respondent. | Case No.: 1:14-cv-01233-AWI-SAB-HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 1) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on August 6, 2014. For the reasons explained below, the petition must be dismissed as successive.

**I.**

**DISCUSSION**

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously

1  discoverable through due diligence, and these new facts establish by clear and convincing evidence
2  that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of
3  the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).  However, it is not the district court that
4  decides whether a second or successive petition meets these requirements, which allow a petitioner to
5  file a second or successive petition.

6  Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this
7  section is filed in the district court, the applicant shall move in the appropriate court of appeals for an
8  order authorizing the district court to consider the application." In other words, Petitioner must obtain
9  leave from the Ninth Circuit before he can file a second or successive petition in district court.  See
10 Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive
11 petition unless the Court of Appeals has given Petitioner leave to file the petition because a district
12 court lacks subject-matter jurisdiction over a second or successive petition.  Pratt v. United States, 129
13 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), cert. denied,
14 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

15 A second or successive petition for habeas corpus is not considered "successive" if the initial
16 habeas petition was dismissed for a technical or procedural reason versus on the merits.  See Slack v.
17 McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not successive if the
18 initial habeas petition was dismissed for failure to exhaust); Stewart v. Martinez-Villareal, 523 U.S.
19 637, 643-45 (1998) (a second habeas petition is not successive if the claim raised in the first petition
20 was dismissed by the district court as premature.)

21 In the instant petition, Petitioner contends there is insufficient evidence to substantiate his
22 conviction based upon actual innocence from the newly discovered evidence of the victim's
23 recantation.  Petitioner filed a prior petition in this Court challenging the same 2002 attempted murder
24 conviction from the Fresno Superior County Superior Court.  The prior petition in 1:05-cv-01300-
25 OWW-TAG (HC) was dismissed based upon untimeliness.  Such dismissal "constitutes a disposition
26 on the merits" for purposes of Section 2244(b), and any subsequent petitions are second or successive
27 for purposes of Section 2244(b).  McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).
28

On February 19, 2010, the United States Court of Appeals for the Ninth Circuit affirmed the Court's dismissal.  Because the prior petition was adjudicated "on the merits," the instant petition is a "second or successive petition" under § 2244(b) that must be dismissed to re-filing if Petitioner seeks and obtains approval in the Ninth Circuit Court of Appeals to file a second or successive petition.  This gate-keeping authorization applies even when, as here, the basis for pursuing a second or successive Section 2254 petition is newly discovered evidence.  Burton v. Stewart, 549 U.S. 147, 153 (2007) (the Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2).").  Accordingly, the instant petition for writ of habeas corpus must be dismissed without prejudice to re-filing if and when Petitioner obtains authorization to file a second or successive petition in this Court.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.  The instant petition for writ of habeas corpus be DISMISSED; and

2.  The Clerk of Court be directed to terminate this action.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __August 27, 2014__

UNITED STATES MAGISTRATE JUDGE